## Case No. 6,134.

### HARRISON v. The ECLIPSE.

[Crabbe, 223.] [1]

District Court, E. D. Pennsylvania. Nov. 9, 1838.

FREIGHT—CONTRACT OF MASTER OF VESSEL.

1. Where a master agrees, with a mariner, to carry the latter's goods, free of expense, a charge for freight thereon cannot be supported, as between the master and mariner.

2. Whether the master can bind the owners on a contract to carry goods free of freight, Qu.

This was a libel for wages [by John Harrison, a mariner, against the schooner Eclipse, Wade, master.]

O. Hopkinson, for libellant.
Mr. Fallon, for respondent.

After examining various matters of fact, by which it appeared that the gross sum due to the libellant was $102 23, and that the respondent was entitled to credits thereon to the amount of $35, HOPKINSON, District Judge, continued, as follows:

The respondent claims additional credits.

1st. For freight on the libellant's goods, $38 68. On this subject we have the evidence of the pilot, who says, that he heard the captain of the schooner say to Harrison, "I wish you would fill her up—I won't charge you a cent for it." The witness also says that the schooner was then in want of ballast, and was not full when she went to sea. The only answer to this evidence is the denial of the respondent that he made any such agreement. In the contracts of the master with the mariners, he is the only party who acts on behalf of the vessel. This was a part of the contract with the mate; he is induced to put his goods on board of the schooner—perhaps to purchase them—on the faith of this promise, and we may treat it as part of his contract as mate. Now, however, the captain tells him, "I had no authority to make that promise;" for it is the captain who appears here and makes defence. I would make strong presumptions to prevent the injustice of such a breach of promise. If the captain has violated his duty to the owners in making this promise, let him answer to them. But it is he who now sets up this claim, and the owners have nothing to do with it. It is said in Abb. Shipp. p. 130, that it seems that the master of a trading vessel, intrusted with his command for the purpose of procuring goods on freight, cannot bind the own-

ers by an engagement to carry goods free of freight; and a case in 1 Taunt. 391 (Dewell v. Moxon), is cited. The case before us being a contract with a mariner, with other peculiar circumstances, and the question being between the mariner and the master, in a suit to which the owners are not parties, may be distinguished from that cited. Whether the captain could bind his owners by this agreement, may be settled between them; but I cannot, on that account, discharge the master from his engagement, under the circumstances of the case. Nor do I mean to admit that, if the question between the master and owners came directly before me, I should accede to the doctrine above mentioned. I should, at least, give it a careful examination, before I yielded to it; at present, it appears to me to be a restriction on the power of the master in the employment of the ship, inconsistent with the acknowledged authority of the master over the conduct and management of a trading ship. He is considered as the confidential servant and agent of the owners in the employment of the ship, and they are bound by every lawful contract made by him, relative to such employment. By "lawful" contract I understand a contract not prohibited by the laws of the country. I think the charge of freight in this case cannot be supported.

2d. The respondent claims a charge for the absence of the libellant, without leave, for eleven days, at Galveston. The proof is that he was absent eight or ten days; that he went off before the vessel was unloaded, which operation it was his particular duty to attend to. No evidence has been given of any permission for him to go; or that there was any necessity for his absence, either on his own account, or on that of the ship. I take the shortest time mentioned by the witnesses, eight days, and allow a charge against him of seven dollars on this account.

On the facts and principles I have adopted, the case will stand finally thus:

| | | |
|---|---|---|
| Amount due the libellant | | $102 23 |
| Credits to the respondent: | | |
| Cash | $35 00 | |
| Eight days absence | 7 00 | |
| | | 42 00 |
| | | $60 23 |

Decree for the libellant, for $60 23, and costs.